# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0079V
(not to be published)

| | | |
|---|---|---|
| LUKE CAREDIO *and* <br> JAMIELEE CAREDIO *on behalf of* <br> *their minor daughter,* D.C., <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br><br> Respondent. | * * * * * * * * * * * | Chief Special Master Corcoran <br><br> Filed: April 19, 2022 |

*Michael A. Firestone*, Marvin Firestone, MD, JD and Associates, San Mateo, CA, for Petitioners.

*Terrence K. Mangan, Jr.*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On January 17, 2017, Luke and Jamielee Caredio, on behalf of their minor daughter, D.C., filed this action seeking compensation under the National Vaccine Injury Compensation Program (the "Program").[2] ECF No. 1. The Petitioners alleged that an influenza ("flu") vaccine administered to D.C. on January 22, 2014, caused her to incur an autoimmune form of epilepsy, plus a number of secondary symptoms (anxiety and post-traumatic stress in particular).

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, it must be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

An entitlement hearing in the matter was held in Washington, D.C. on January 28–29, 2021. I denied entitlement in a Decision dated July 30, 2021. ECF No. 68. Petitioners then filed a motion for review, but it was denied, and no further appeal was taken.

Petitioners have now filed a motion for a final award of attorney's fees and costs. Motion, dated Mar. 22, 2022 (ECF No. 81) ("Final Fees Mot."). Petitioners request $149,934.69 ($106,555.90 in fees, plus $43,378.79 in costs), based on all work performed on the matter by four attorneys (Mr. Michael Firestone, Mr. Marvin H. Firestone, Ms. Meghan Shiner, and Mr. Tim O'Hara), and two paralegals (Ms. Jody Chan and Ms. Patricia Barrick, RN). *Id.* at 1. Petitioners also request reimbursement of costs they personally incurred, in the amount of $3,296.97. *Id.* Respondent reacted to the final fees request on March 22, 2022. Response, dated Mar. 22, 2022 (ECF No. 82) ("Response"). Respondent states that the Petitioners have "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case," and asks that I exercise my discretion in determining a reasonable award for attorneys' fees and costs. Response at 2–3.

For the reasons set forth below, I hereby **GRANT** Petitioners' motion, awarding fees and costs in the total amount of **$153,231.66** reflecting $106,555.90 in attorney's fees, $43,378.79 in costs, and $3,296.97 in costs personally incurred by the Caredios.

## ANALYSIS

I. **Petitioners' Claim had Reasonable Basis**

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to *successful* petitioners, a special master *may* also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, reasonable basis is only a threshold requirement in unsuccessful cases—establishing it does not *obligate* a special master to award fees, and the calculation of the sum to be awarded is otherwise subject to the same reasonableness standards governing all fees determinations.

A claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim* itself—counsel's conduct in prosecuting the claim is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed,

2

but also take into account what was learned about the evidentiary support for the claim as the matter progressed. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[3]

Although I denied entitlement in this matter, the record contained ample evidence that established the claim's reasonable basis. The fact of vaccination (or that D.C. experienced a post-vaccination febrile seizure) was not in question, and D.C.'s treaters all seemed to agree her injury had an autoimmune component. The general concept that the flu vaccine could lead to a seizure-oriented injury is also common in the Program, and in this case was supported by a credible expert (even though I ultimately was unpersuaded by his theory). And the timeframe in which D.C.'s injuries manifested had a facial association to her vaccination. The standard for reasonable basis is generally easy to meet, but in this case, there was more than enough proof to satisfy it. And since I have identified no other basis for denying fees, a final award of fees and costs is appropriate.

## II.   Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method— "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424,

---

[3] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioners request the following rates for her attorneys and support staff, based on the years work was performed:

| **Attorney** | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 |
|---|---|---|---|---|---|---|---|---|
| Mr. Michael Firestone | $260.00 | $269.62 | $279.60 | $289.69 | $300.10 | $311.20 | $365.00 | $381.43 |
| Mr. Marvin Firestone | $400.00 | $414.80 | $430.15 | $445.20 | - | - | - | - |
| Ms. Meghan Shiner | - | - | - | - | - | $170.00 | $185.00 | - |
| Mr. Tim O'Hara | - | - | - | - | - | - | $435.00 | - |
| **Paralegal** | | | | | | | | |
| Ms. Patricia Barrick | - | $171.11 | $177.44 | $183.65 | - | - | - | - |
| Ms. Jody Chan | - | - | - | - | - | $150.00 | $150.00 | - |

Final Fees Mot. at 23–24.

4

Mr. Firestone and his associates practice in San Mateo, California—a jurisdiction that has been deemed "in forum." Accordingly, he is entitled to the rates established in *McCulloch*. *See S.E.H. v. Sec'y of Health & Hum. Servs.*, No. 15-260V, 2019 WL 3239462, at *2 (Fed. Cl. Spec. Mstr. June 18, 2019). The rates requested for all attorneys and paralegals are also consistent with what has previously been awarded for their time, in accordance with the Office of Special Masters' fee schedule and previous interim fees decision in this case as well.[4] *Id.* at 2 (awarding Mr. Michael Firestone, Mr. Marvin Firestone and Ms. Patricia Barrick's 2015–2018 consistent fees with what is requested here, slight differences in cents); *Cox v. Sec'y of Health & Hum. Servs.*, No. 17-1895V, 2021 WL 4945199, at *2 (Fed. Cl. Spec. Mstr. Sept. 24, 2021) (awarding Mr. Michael Firestone's fees consistent with those requested from 2017–2021); *Morrow v. Sec'y of Health & Hum. Servs.*, No. 17-1964V, 2021 WL 6424072 (Fed Cl. Spec. Mstr. Dec. 9, 2021) (awarding Ms. Meghan Shiner's 2021 rate); *Phillips v. Sec'y of Health & Hum. Servs.*, No. 16-906V, 2021 WL 2768362, at *2 (Fed. Cl. Spec. Mstr. May 26, 2021) (awarding Mr. Tim O'Hara fees in 2020 at a rate of $422.00). Other requested rates fit within the fees schedule even if they have not previously been awarded. And I deem the time devoted to this matter over the course of nearly five years to be reasonable, so all requested attorney and paralegal time will be awarded.

### III.  Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioners seek $43,378.79 in costs—a figure mostly representing the cost of the expert opinion and testimony provided by Dr. Lawrence Steinman. Final Fees Mot. at 58. The total request for Dr. Steinman's work is $40,050.00, based upon 29 hours of work in 2017, and six hours of work in 2018 at a $500.00 per hour rate. *Id.* at 58–59. Dr. Steinman then completed 17 hours of work in 2020, and 30 hours in 2021 at a rate of $550.00 per hour. *Id.* Dr. Joseph Sullivan also had charges from preparation and testifying at the hearing totaling to $1,000.00 based upon two hours of work at a $500.00 per hour rate. *Id.* at 60. The rest of the requests were for transcripts, postal costs, and medical records. *Id.* at 61–78.

---

[4] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Nov. 5, 2021).

5

I find all such costs to have been reasonably incurred, and the expert rates to be acceptable and consistent with what they have previously received in prior Program cases. I shall also award to the Caredios directly the $3,296.97 sum they personally incurred, which reflects $3,000.00 for the expert retainer and $296.97 in postage and medical record retrieval fees and expenses. Final Fees Mot. at 65.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioners' Motion, awarding a total **$153,231.66** ($106,555.90 in attorney's fees, $43,378.79 in costs, and $3,296.97 in individual costs) to Petitioners, in the form of two checks: one in the amount of $3,296.97 for Petitioners themselves, and the second in the amount of $149,934.69 made payable jointly to Petitioners and their attorney, Mr. Michael Firestone. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.